## SCHWED ET AL. V. ROBSON.

APPEAL — REVIEW — RULINGS ON EVIDENCE.— Objections to evidence cannot be considered on appeal, where the bill of exceptions states only the parts objected to, without showing their connection with the balance of the evidence.

*Appeal from District Court of Lake County.*

Messrs. BRANSEN & STERLING and THOMAS A. GREEN, for appellant.

Messrs. PATTERSON & THOMAS, for appellee.

DE FRANCE, C. This action was brought by the appellee, Thomas Robson, against appellant, Schwed, and

one Wheeler. An attachment proceeding was commenced in aid thereof, by virtue of which certain property was attached. Wheeler made no defense. Schwed traversed the attachment, and also joined issue upon the merits. The issues in attachment and upon the merits were all tried at the same time by the court, a jury having been waived. The attachment was sustained, and a judgment upon the merits was rendered against the defendant for the sum of $293.75 and costs of suit. From this judgment Schwed has appealed to this court.

No exception to the judgment or finding was reserved, and the only errors assigned go to the rulings of the court upon the admissibility of evidence. Of these there are six, but only two are commented upon by counsel for appellant in the argument, a bare reference being made to the others without comment. The bill of exceptions makes no pretense of giving all the evidence, but simply contains such parts thereof as were objected to by appellant, and admitted over his objections. The connection of these isolated parts with the balance of the evidence is not made apparent, with the single exception, perhaps, of that referred to in the sixth error assigned, and in respect to it the court committed no error. The testimony to which reference is made in the first, third, fourth and fifth assignments of error concerns the attachment issue, as we infer; and, in the absence of the other testimony connected therewith, we are unable to determine the pertinency of the objections made thereto, or the questions sought to be raised by such objections. The admissions of Wheeler, referred to in the second assignment, may have been made in the presence and hearing of Schwed, and without objection from him, for aught that appears by the bill of exceptions; and if they were, then the objections urged to the reception of said admissions would have no foundation for support.

Nothing is shown by the record in this case to overturn the presumption of the regularity of the proceed-

ings of the court below, and the judgment should there-
fore be affirmed.

RISING and STALLCUP, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing
opinion the judgment is affirmed.

*Affirmed.*